IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AGRI-SALES, INC., )
)
            Plaintiff, )
)
v. ) No. 05 C 372
)
UNITED POTATO CO., INC., et al., )
)
           Defendants. )

MEMORANDUM ORDER

In consequence of this Court's oral rejection, earlier this month, of their original Answer to the Complaint brought against them by Agri-Sales, Inc. ("Agri-Sales"), codefendants United Potato Co., Inc. ("United") and Allen Zelken ("Zelken") have just filed an Amended Answer. Regrettably that new responsive pleading contains a fundamental error that requires correction.[1]

There appears to be a view in some quarters that a defendant in a multi-defendant case need not respond to portions of a complaint that do not refer specifically to that defendant. No such authority is directly conferred by Fed. R. Civ. P. ("Rule") 8(b), however. Indeed, it is entirely possible for example, and may be of value to a plaintiff, that the party named in a complaint's paragraph may disclaim knowledge or information sufficient to form a belief as to the allegation there, while the

---

[1] It may well be that the original Answer, of which this Court did not retain a copy, contained the same flaw that was not caught by this Court. But it is after all counsel's responsibility, and not that of the court, to police the conformity of pleadings to basic principles.

unnamed codefendant may have such knowledge and may thus be required to admit the same allegation.

In this instance Zelken, though he joins with United in the admissions and denials contained in Answer ¶¶1 through 6, thereafter proceeds as to a host of ensuing paragraphs (see Answer ¶¶7-19, 21-26, 28-32 and 34-37) in this fashion:

> Paragraph -- makes no allegations as to Defendant, Allen N. Zelken, therefore, Allen N. Zelken makes no answer thereto.

And United then proceeds with the same nonresponsive usage when the ensuing Counts VI through VIII target Zelken and the third codefendant, Daniel Zelken, but not United.

But the poverty (and carelessness) of that procedure comes sharply into focus when, in response to Complaint ¶38 ("Plaintiff re-alleges paragraphs 1 through 37 as if stated herein"), Zelken simply responds:

> Defendant, Allen N. Zelken, re-states and incorporates by reference as though pleaded herein all answers to Paragraphs 1 through 37 of Plaintiff's Civil Action Complaint.

What answers? There were none. So defense counsel must return to the drawing board once again to file a Second Amended Answer, in which _each_ of his clients answers _each_ allegation of the Complaint. It will however be unnecessary for counsel to replead the First and Second Affirmative Defenses and the Counterclaim/Third Party Complaint, which are not being stricken.

That Second Amended Answer must be filed in this Court's

chambers (with a copy served contemporaneously on Agri-Sales' counsel) on or before April 14, 2005. No charge is to be made to United or Zelken by their counsel for the added work and expense incurred in correcting counsel's errors via the Amended Answer or the Second Amended Answer. Defense counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: March 30, 2005