IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AGRI-SALES, INC., )
 )
        Plaintiff, )
 )
v. ) No. 05 C 372
 )
UNITED POTATO CO., INC., )
et al., )
        Defendants. )

MEMORANDUM ORDER

Allen Zelken ("Zelken"), one of the three defendants in this action brought by Agri-Sales, Inc. ("Agri-Sales"), has filed a counterclaim against Agri-Sales and has also named Michael Al Aboudi ("Al Aboudi") as an added target of the same claims. Agri-Sales and Al Aboudi have just filed their Answer and Affirmative Defenses ("ADs") to Zelken's claims. Although the Answer portion of that responsive pleading is unexceptionable, some problematic aspects of the ADs have occasioned this sua sponte memorandum order.

To begin with, AD 1 seeks to invoke Fed. R. Civ. P. ("Rule") 12(b)(6)--not Rule 8(c), which prescribes the ground rules for ADs (see App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001))--on the premise that Zelken's Counterclaim "fails to state a cause of action upon which relief can be granted." Apart from the AD's mistaken use of "cause of action" rather than "claim" (see, e.g., NAACP v. American Family Mut. Ins. Co., 978 F.2d 287, 292 (7th Cir. 1992)), and leaving

aside as well the notion that Rule 12(b)(6) plays a different role from that occupied by Rule 8(c), the contention in AD 1 is not well taken. When all of Zelken's allegations together with reasonable inferences therefrom are taken as gospel, as is required for such purposes, Zelken stays in court on his claims. AD 1 is accordingly stricken.

Next, ADs 2 and 3 do not do the job of informing Zelken and this Court as to the bases for the assertions contained there, even under the notice pleading regime that is the hallmark of federal practice and procedure. If Agri-Sales and Al Aboudi wish to persist in advancing those ADs, they must be fleshed out appropriately (this does not of course convert the federal pleading concept into one of fact pleading, but rather requires something materially more informative than is now the case). Hence ADs 2 and 3 are also stricken, but this time with leave granted to replead them promptly in an appropriate fashion.

Finally, no ruling is made or suggested here as to ADs 4 and 5, which appear in surface terms to be potentially viable defenses. This is not an ultimate holding, however, for by definition it is subject to any question that Zelken may raise in that respect by an appropriate motion.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 11, 2005

2